# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| **CIVIL MINUTES - GENERAL** | | | **JS-6** |
| Case No. | CV 19-10137 PSG (MAAx) | Date | January 17, 2020 |
| Title | Ivory Holdings, LLC v. Todd Bertrang, et al. | | |

Present: The Honorable  Philip S. Gutierrez, United States District Judge

| Wendy Hernandez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings (In Chambers):**     **The Court REMANDS the case**

On November 27, 2019 Ophie Beltran ("Defendant") removed a civil action for unlawful detainer brought by Plaintiff Ivory Holdings, LLC ("Plaintiff") to this Court. *See Notice of Removal*, Dkt. # 1 ("*NOR*"). After reviewing Defendant's notice of removal and the underlying complaint, the Court finds that it lacks jurisdiction over the case. *See Moore v. Maricopa Cnty. Sheriff's Office*, 657 F.3d 890, 894 (9th Cir. 2011) ("The Court is obligated to determine *sua sponte* whether it has subject matter jurisdiction.").

Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or on complete diversity between the parties, *see* 28 U.S.C. § 1332. If at any time before the entry of final judgment it appears that the Court lacks subject matter jurisdiction over a case removed from state court, it must remand the action to state court. *See* 28 U.S.C. § 1447(c); *Int'l Primate Pro. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991). There is a "strong presumption" against removal jurisdiction, and the party seeking removal has the burden of establishing that removal is proper. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). If there is any ambiguity as to the propriety of removal, federal jurisdiction must be rejected. *See id.* Furthermore, "a defendant may not [generally] remove a case to federal court unless the plaintiff's complaint establishes that the case 'arises under' federal law." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004) (quoting *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10–11 (1983)).

The well-pleaded complaint rule requires a federal question to be evident from the face of the plaintiff's complaint for jurisdiction under 28 U.S.C. § 1331 to exist. *See Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). Here, the complaint asserts only a claim for unlawful detainer, a cause of action that is purely a matter of state law. *See* Dkt. # 1, Ex. A; *Homesales,*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-10137 PSG (MAAx) | Date | January 17, 2020 |
|---|---|---|---|
| Title | Ivory Holdings, LLC v. Todd Bertrang, et al. | | |

*Inc. v. Frierson*, No. CV 08-08607 MMM (FMOx), 2009 WL 365663, at *2 (C.D. Cal. Feb. 11, 2009). Thus, from the face of the complaint, no basis for federal question jurisdiction exists.

Defendant's notice of removal suggests that federal question jurisdiction is established based upon alleged violations of Defendant's Due Process and Equal Protection rights under the U.S. Constitution based upon events at a hearing held on November 26, 2019. *See NOR* 3–7. Defendant alleges that Defendant's rights were violated when the court ruled orally on Defendant's demurrer, ordered the case to trial, and Defendant was allegedly not given statutory notice, the right to do discovery before trial, or the right to prepare for trial. *See id.* 3–4. However, under the well-pleaded complaint rule, a defendant's federal claims or defenses may not serve as a basis for removal. *See Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985); *Le v. Young Champions Recreation Programs*, 2008 WL 1970186, at *1 (C.D. Cal. Apr. 30, 2008) ("[R]emoval cannot be based on a counterclaim, cross-claim or third party claim raising a federal question; to hold otherwise would allow defendants to determine the removability of a case.").

Defendant's notice of removal does not allege diversity jurisdiction is proper pursuant to 28 U.S.C. § 1332, and from the face of the complaint it does not appear that the amount in controversy requirement of $75,000 is met.

Finally, Defendant asserts jurisdiction pursuant to 28 U.S.C. § 1443(1). A petition for removal under § 1443(1) must satisfy a two-part test: (1) "the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights," and (2) "petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Patel v. Del Taco, Inc.*, 446 F.3d 996, 998–99 (9th Cir. 2006). Defendant has not asserted a violation of a statutory enactment "protecting equal racial civil rights," and, even if Defendant did, Defendant points to no "state statute or constitutional provision that purports to command state courts to ignore the federal rights." *Id.*; *Wells Fargo Bank, NA v. Hunt*, No. C-10-04965 JCS, 2011 WL 445801, at *4 (N.D. Cal. Feb. 3, 2011) ("[T]o the extent that Defendants attempt to base jurisdiction on an alleged due process violation arising out of the summary nature of the state unlawful detainer procedure, that theory fails as well."). Defendant's statement that section 1443(1) applies is entirely conclusory. *Bogart v. People of State of Cal.*, 355 F.2d 377, 381 (9th Cir. 1966) (Section 1442(1) does not provide jurisdiction where allegations of discrimination are conclusory and lacking factual basis).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-10137 PSG (MAAx) | Date | January 17, 2020 |
|---|---|---|---|
| Title | Ivory Holdings, LLC v. Todd Bertrang, et al. | | |

Accordingly, the Court finds that it lacks subject matter jurisdiction over this matter and **REMANDS** the case to Los Angeles County Superior Court.

**IT IS SO ORDERED**.